IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTTO ARCHIVE, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SOCIETY19 MEDIA, LLC.,<br><br>                Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff OTTO Archive, Inc. ("Plaintiff"), by its undersigned attorneys, R. Terry Parker, Esquire, for its Complaint against the defendant Society19 Media, LLC ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is a New York Corporation with a principal place of business at 793 Broadway, 2nd Floor, New York, New York 10003.

3. Upon information and belief, Defendant is a limited liability company operating a principal place of business at 120 Washington Street, Suite 202, Salem, Massachusetts 01970.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in the Commonwealth, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

7. Plaintiff is in the business of licensing design, architectural and interior imagery of preeminent architects and designers from around the world as captured by master contemporary photographers. Plaintiff's collection of copyrighted content also features unique location, landscape and industrial images. With an unparalleled focus on customer service and premiere imagery, Plaintiff's commitment to clients and photographers sets it apart from other agencies. It provides the environment, business sensibilities and experience within syndication that are being sought by clients as an alternative to traditional corporate agencies..

8. Among Plaintiff's many celebrated photographers is Floto Warner, the author of the photographic work at issue in this litigation, a copy of which attached hereto as Exhibit A (the "Copyrighted Work").

9. The Copyrighted Work is an original work of authorship.

10. Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work.

11.     Plaintiff has obtained registration with the United States Copyrighted Office for the works referred to herein as the "Copyrighted Work." Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office for the Copyrighted Work.

12.     Plaintiff obtains registrations for the works of its photographers as means of fighting online infringement of it works, which poses an existential threat to Plaintiff's business and its industry. In order to protect against infringement, Plaintiff registers its images with the Library of Congress through the United States Copyright Office. Obtaining these registrations, though a costly process, gives Plaintiff and its photographers legal standing in federal court, without which Plaintiff would be barred from seeking legal protection of its copyrights.

13.     In addition to registering works with the United States Copyright Office, Plaintiff works diligently to protect its photographers from online infringement. To this end, Plaintiff engages technology companies to look for uses of Plaintiff's Copyrighted Work on the internet by conducting searches or crawls of the billions and billions of pages on the internet to search for and locate uses of Plaintiff's Copyrighted Work.

   B.     **Defendant's Unlawful Activities**

14.     Within the last three years, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

15.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, publicly displayed, without Plaintiff's authorization at the website [www.society19.com,](www.society19.com) screenshots of which are attached hereto as Exhibit C.

16.     Plaintiff discovered these infringements after a number of diligent

searches. Plaintiff's diligent efforts to discover these infringements include Plaintiff engaging various third-party technology companies over the years to search the internet for unlawful use of Plaintiff's Copyrighted Work. Due to the enormous amount of data on the internet, the billions and billions of different webpages and the billions and billions of data points that need to be searched for the thousands of Copyrighted Work in Plaintiff's catalogue, not every search discloses every unlawful use of Plaintiff's Copyrighted Work. Numerous and costly searches are conducted routinely. The results of these searches are then painstakingly analyzed at great cost to Plaintiff. Accordingly, the infringements at issue in this litigation were only discovered after numerous searches on the internet over the years for Plaintiff's Copyrighted Work.

17. The failure to discover these infringements sooner occurred not due to a lack of effort by Plaintiff. The routine searches by different technology companies used by Plaintiff were conducted over the last ten years or so did not disclose the infringements at issue in this case until only recently because of the vast amount of data on the internet to be search and the inability of the technology currently affordable on the market to locate in a few searches every infringing use of photographs in Plaintiff's catalogue. Accordingly, Plaintiff believes it is not, and should not, be considered at fault for not discovering these infringements sooner than it did.

18. Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages to attract users to Defendant's website, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

19. Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

20. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

21. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights in that Defendant, a media company with knowledge of copyright law, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway.

22. Indeed, Defendant's business is built upon egregious infringement.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Work are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

26. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

27. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work at its infringing website.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is

willful and deliberate and Defendant has profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Registered Copyrighted Work, and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Registered Copyrighted Work, , and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced, without paying license fees, in an amount to be proven at trial.

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Registered Copyrighted Work, , and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Registered Copyrighted Work, and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 for the infringement of the Registered Copyrighted Work, and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced.

33. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court.   Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Registered Copyrighted Work, , and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced, or any portion or derivation of the Registered Copyrighted Work, , and any other of the Copyrighted Work deemed to have been registered at the time the infringement commenced;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

5. Awarding Plaintiff interest, including pre-judgment interest, on the sums;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

7. For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 27, 2023

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
43 W. 43rd Street
Suite 275
New York, New York 10036-7424
Tel: (212) 859-5068
Email: terry@rterrypakerlaw.com

*Attorneys for Plaintiff*

*OTTO Archive, LLC*